PAOLO PILEGGI, appellant,

*v.*

R. HOWARD THORN et al., respondents.

[Decided January 31st, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who filed the following opinion:

"The complainant and defendants, on the 15th day of March, 1920, entered into an agreement, wherein the defendants agreed to convey certain premises in Ocean City on the terms and conditions following:

" 'The party of the second part agrees to pay to the party of the first part, three thousand dollars [$3,000] for the above-described property, in the following amounts and at the specified times, commencing on the first day of April, 1920, the sum of twenty dollars, at least, and the sum of, at least, twenty dollars on each and every succeeding month, and as much more as possible, so that the total amount paid during the year shall be equal to at least thirty dollars a month or a total of three hundred and sixty dollars for the year, the surplus [after paying all fixed charges, including interest on the $3,000, purchase price, at the rate of six per centum [6%], taxes, water and sewer rents, insurance and repairs] to be credited on account of the purchase price and the balance, after surplus payments are deducted, to be the base for the new year, and so on each year until the sum of five hundred dollars [$500] has been paid on the principal, which $500 must be paid within five years, or not later than the first day of April, 1925, when the party of the first part is to convey the property to the party of the second part, subject to mortgage given, by the party of the first part, to the Ocean City Fireman's Relief Association, to secure the payment of eighteen hundred dollars [$1,800] which the party of the second part agrees to assume and pay as a part of the purchase-money, the party of the second part also agrees that, at the time of conveying the property, he will execute a mortgage for seven hundred dollars [$700] to secure the payment of a like amount, to the party of the first part, as payment of a part of the purchase-money above mentioned, both mortgages to bear interest at the rate of six per centum [6%]. It is also agreed by the party of the second part that he will pay at

least one hundred dollars of the second mortgage, each and every year, on account of the principal, to the party of the first part, until the full amount is paid, payments to be fifty dollars [$50] on the first day of April and October of each year.

" 'The condition of this agreement is such, that if the party of the second part, his heirs, executors, administrators or assigns, or any of them, shall do well and truly pay or cause to be paid unto the party of the first part, his heirs, executors, administrators or assigns, or his certain attorney, the amounts as set forth in the above agreement, together with all the fixed charges on the property, then this agreement shall remain in full force and virtue; provided, however, that it is hereby expressly agreed and understood that if the party of the second part shall default in any of the payments, or fails to keep the property in good repair, at his own proper expense, at all times, or does not reduce the principal at least one hundred [$100] each and every year, then, and in either such case, the whole principal debt aforesaid shall, at the option of the party of the first part, become due and payable immediately, and all the payments made shall be considered as rent, and the party of the second part shall forfeit all claims to the property, anything herein contained to the contrary notwithstanding.'

"Since the date of the agreement, the sum of $1,083 has been paid. The complainants allege that after making said agreement the defendants agreed that the lands and premises should not be forfeited by complainant's default in any payments to be made before April 1st, 1925, unless Thorn should first notify complainant and give complainant reasonable time and opportunity to perform said agreement, and that the said defendant agreed to notify said complainant of any claim or demand which he could at his option claim or demand because of any default by the complainant in any payment.

"The complainant has not, by proof, sustained the allegations, even if they could be enforced. *Halpern* v. *Shurkin,* *98 N. J. Eq. 28.* I am convinced, however, that the complainant has continuously failed in making his payments and that he has for some time considered the contract to purchase as abandoned.

"The bill for specific performance must be dismissed."

*Mr. Charles K. Landis,* for the appellant.

*Mr. Andrew C. Boswell,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Ingersoll.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 9.

*For reversal*—KATZENBACH, CAMPBELL, LLOYD, JJ. 3.